## HUNT v MIAMI SHORES VILLAGE AND CODE ENFORCEMENT BOARD

### Case No. 89-305AP

Eleventh Judicial Circuit, Dade County

April 8, 1991

### APPEARANCES OF COUNSEL

**Nelson Hunt,** pro se.

**William F. Fann, Jr., Esquire,** for appellee.

Before SHAPIRO, ROTHENBERG, KORNBLUM, JJ.

### OPINION OF THE COURT

PER CURIAM

Appellant, Nelson Hunt, filed this appeal from an oral declaration of the Miami Shores Village Code Enforcement Board, which Board voted to impose an administrative fee of one hundred ten dollars ($110) against Mr. Hunt. For the reasons set forth herein, this appeal is dismissed.

The appellant, Nelson Hunt, is a homeowner in Miami Shores Village. A Village code enforcement officer issued a citation to Mr. Hunt citing certain deficiencies at Mr. Hunt's home. A compliance date was indicated on the citation. A hearing was held before the Village Code Enforcement Board at which hearing the Board found that Mr. Hunt had complied with the citation but questioned whether compliance had been made by the required date. The Board orally voted to impose an administrative fee of $110 against Mr. Hunt which order was never reduced to writing.

Appellant filed his notice of appeal from the above oral order on November 28, 1989. He contends that the Code Enforcement Board does not have the authority to impose any penalty, cost or fee other then those specifically set forth in Chapter 162 of the Florida Statutes.

The Florida legislature enacted the "Local Government Code Enforcement Boards Act" in 1980. Local governments were given the opportunity to create code enforcement boards for their respective communities. The act was permissive and did not require the constitution of these boards. Section 162.09, Fla. Stat. empowers these boards to impose fines for noncompliance with local codes. Section 162.07, Fla. Stat. describes the conduct of hearings. The section allows the board to impose compliance dates, but makes no provisions for imposition of administrative costs or fees.

The Village of Miami Shores went a step beyond the enabling statute by including the following provision in Miami Shores Village Code Section 2-81(a): . . . The enforcement board may also impose reasonable administrative costs in addition to the fine provided for. . . This court questions the authority of the Village to make this type assessment.

At oral argument before the court, the Village questioned why it was appearing on an appeal from a "non-order". We join in asking that question.

While this court has the constitutional and statutory authority to hear appeals from administrative bodies, the appeal must be prosecuted from some type of written order which the court can review. None exists in this case. Counsel for appellee conceded that the action of the board was never reduced to writing nor is it the board's policy to do so.

This court would respectfully suggest that in order for the Village to properly enforce the effect of its motions, these results should be reduced to writing. Without such written orders, this court cannot review the board's actions.

42

Since there is no written order for this court to review, this appeal is hereby dismissed. As an aside, we would suggest to the board that its reliance on the case of *City of Venice v Valente,* 419 So.2d 1241 (Fla. 2d DCA 1983), as authority to impose administrative fees is misplaced.

Appeal dismissed.